IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L.E.A.R. ) | |
| ) | |
| Plaintiff, ) | Case No.   21 C 5542 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| U.S. CITIZEN AND IMMIGRATION SERVICES ) | |
| and U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINON & ORDER**

Plaintiff L.E.A.R. brings a two-count complaint against defendants the United States Citizen and Immigration Services ("USCIS") and the United States Department of Homeland Security, alleging that defendants have failed to adjudicate her T-visa application and failed to abide by the immigration judge's decision granting a waiver of plaintiff's inadmissibility. Count I brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(C), (D), and Count II seeks a declaratory judgment.   Defendants have moved to dismiss both counts. (Doc. 12).   For the reasons stated below, defendants' motion (Doc. 12) is denied.

## **BACKGROUND**

In 1999, plaintiff entered the United States without inspection.   She alleges that she was lured from Mexico City by sex traffickers.   Upon arrival in Chicago, plaintiff was held in a room and unable to escape.   Plaintiff eventually escaped and began living and working with a woman named "Paula."   In August 2001, plaintiff participated in a crime against Paula's landlord and was arrested.   She was later released on bond.

In 2014, law enforcement officers arrived at plaintiff's home to discuss the incident from 2001. In 2016, plaintiff pled guilty to the crime of aggravated unlawful restraint. The charges described how, in 2001, plaintiff "was among a group of people who held and confined a woman by force or threat of imminent force, against her will, while armed with a deadly weapon, for the purpose of obtaining ransom for her." Plaintiff was sentenced to four years incarceration. She served ten months of her criminal sentence before Immigration and Custom's Enforcement ("ICE") initiated her removal proceedings in September 2017. In October 2017, ICE transferred plaintiff to immigration custody.

On January 8, 2018, plaintiff filed with USCIS a Form I-914, Application for T Nonimmigrant Status (colloquially called a "T visa application"), pursuant to 8 U.S.C. § 110(a)(15)(T), and filed a Form I-192, Application for Advance Permission to Enter as a Nonimmigrant. For both applications, plaintiff requested that her applicable grounds of inadmissibility—Crime Involving Moral Turpitude, Entry Without Inspection, and No Valid Passport—be waived. On August 14, 2018, USCIS denied plaintiff's T visa application, finding that she was inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (crime involving moral turpitude), 8 U.S.C. § 1182(a)(6)(A)(i) (entry without inspection), and 8 U.S.C. § 1182(a)(7)(B)(i)(I) (no valid passport). Plaintiff requested a waiver of the statutory grounds of inadmissibility, which USICS denied in its discretion under 8 U.S.C. § 1182(d)(13). On October 29, 2018, plaintiff submitted a Form I-918, Petition for U Nonimmigrant status (colloquially called a "U visa application"), pursuant to 8 U.S.C. § 11801(a)(15)(U).

During her removal proceedings, plaintiff asked the presiding immigration judge to grant her a waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)—a different statutory basis than the

one upon which USCIS relied when it denied her request for a waiver. On December 13, 2018, the immigration judge granted plaintiff's waiver request and ordered plaintiff removed. Plaintiff alleges that the immigration judge specified that the waiver applied to plaintiff's U and T visa applications.

Plaintiff timely appealed USCIS's denial of her T visa application to the Administrative Appeals Office ("AAO"), which denied her appeal on November 30, 2020. In her appeal, plaintiff did not contest the grounds of her inadmissibility, but instead argued that "the Director misapplied the law relating to how USCIS should apply its discretion." The AAO concluded that it did not have authority to "review whether the Director improperly denied the waiver" because that decision is discretionary and there is no right to appeal. Plaintiff also argued on appeal that because the immigration judge later waived her grounds of inadmissibility, she is now eligible for T nonimmigrant status. The AAO rejected that argument as well, concluding that plaintiff did not "cite any legal authority to show that an IJ has authority to grant a waiver of inadmissibility under [8 U.S.C. § 1182(d)(13)] for T visa applicants." The AAO further reasoned that plaintiff's cited case, <u>L.D.G. v. Holder</u>, 744 F.3d 1022 (7th Cir. 2014), did not apply because in that case, "the court did not address whether Immigration Judges may also grant inadmissibility waivers to aliens seeking T nonimmigrant status."

On October 19, 2021, plaintiff brought this lawsuit seeking judicial review of USCIS's denial of her T visa application under the APA and requesting relief under the Declaratory Judgment Act. In her complaint, plaintiff asks the court to "overturn and vacate the USCIS decisions against her," clarify whether defendants are bound to give effect to the Immigration

Judge's grant of a waiver under § 1182(d)(3)," and "[d]eclare that the Immigration Judge's order in the removal proceedings is binding on the parties unless properly reopened."

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." Lavalais v. Vill. of Melrose Park, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012) (citing Iqbal, 556 U.S. at 678).

Defendants raise two arguments in their motion to dismiss: (1) the court cannot grant plaintiff the relief she seeks because USCIS has exclusive authority to grant an inadmissibility waiver for those seeking a T visa; and (2) any challenge to USCIS's discretionary decision to deny plaintiff's inadmissibility waiver is precluded by the APA because it is a discretionary agency action.

Turning to defendants first argument, in 2000, Congress created the T nonimmigrant classification and authorized temporary nonimmigrant status to certain victims of a severe form of trafficking in persons.[1] Codified at 9 U.S.C. § 1101(a)(15)(T), a T visa applicant must

---

[1] Defendants describe the complicated legislative history behind the visas and the agencies that administer them. This history has been described in detail in several Seventh Circuit cases, including L.D.G. v. Holder, 744 F.3d 1022

demonstrate that he or she: (1) is the victim of a severe form of human trafficking; (2) is physically present in the United States as a result of such trafficking; (3) has complied with reasonable requests for assistance with law enforcement investigations of trafficking; and (4) would suffer extreme hardship if removed. Id. Noncitizens who are inadmissible to the United States are generally ineligible to receive visas and ineligible to be admitted to the United States. 8 U.S.C. § 1182(a). Thus, an applicant for T nonimmigrant status must demonstrate that he or she is admissible to the United States, or must obtain a waiver of all applicable grounds of inadmissibility.

The parties dispute who is entitled to grant a waiver of inadmissibility for aliens applying for a T visa, with defendants claiming that only USCIS can grant a waiver, and plaintiffs claiming that an immigration judge can do so as well. At the heart of the parties' arguments are two statutory provisions, 8 U.S.C. § 1182(d)(3) and 8 U.S.C. § 1182(d)(13). Section 1182(d)(13) provides that the Secretary of Homeland Security may waive a T visa applicant's inadmissibility, in his or her discretion. Section 1182(d)(13) is specific to the T visa context. According to defendants, § 1182(d)(13) identifies only the Secretary of Homeland Security, meaning that only USCIC can grant a waiver of inadmissibility for T visa applicants.

As the Seventh Circuit has noted, "[t]he plot thickens, however, when one realizes that there is a separate waiver provision in 8 U.S.C. § 1182(d)(3)." L.D.G. v. Holder, 744 F.3d at 1025. The waiver in § 1182(d)(3) reads: "An alien…who is inadmissible under subsection (a) of this section…but who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted to the United States temporarily as a nonimmigrant in

---

(7th Cir. 2014). This court need not recount that history here and discusses it only to the extent necessary to explain its reasoning.

the discretion of the Attorney General." The Seventh Circuit has repeatedly held that § 1182(d)(3) permits an immigration judge to waive inadmissibility of a nonimmigrant, because that provision delegates authority to the Attorney General and not USCIS, and the Attorney General has delegated that authority to the immigration judges. See, L.D.G. v. Holder, 744 F.3d at 1026; Atunnise v. Mukasey, 523 F.3d 830, 833 (7th Cir. 2008) (upholding immigration judge's authority to grant a § 1182(d)(3) waiver in the K immigration context); Baez-Sanchez v. Sessions, 872 F.3d 854 (7th Cir. 2017) (reaffirming L.D.G.).

In their motion, defendants raise a suite of convoluted statutory interpretation arguments, all of which the court can easily dispose of with a simple reading of L.D.G. v. Holder, 744 F.3d 1022 (7th Cir. 2014). As noted above, the Seventh Circuit has repeatedly held that § 1182(d)(3) permits immigration judges to waive inadmissibility of a nonimmigrant. In L.D.G., the plaintiff had applied for a U visa, and USCIS declined to waive the plaintiff's inadmissibility under 8 U.S.C. § 1182(d)(14) (the sister provision to § 1182(d)(13) that is specific to U visas). Without the waiver, USCIS denied L.D.G's U visa application as a matter of course. L.D.G. then appeared before an immigration judge and requested a waiver of inadmissibility under § 1182(d)(3). The immigration judge denied her request, finding that USCIS had the sole discretion to waive inadmissibility. In a lengthy and thorough opinion, the Seventh Circuit disagreed and held that § 1182(d)(3) is a general, "catch-all" provision that permits immigration judges to waive inadmissibility for nonimmigrants, despite the more targeted U visa waiver provision in § 1182(d)(14). L.D.G., 744 F.3d at 1030-1032.

This holding was reaffirmed in Baez-Sanchez v. Sessions, 872 F.3d 854 (7th Cir. 2017). After the Board of Immigration declined to follow the Seventh Circuit's opinion and remand

6

instructions in that case, the Seventh Circuit once again reiterated its holding in Baez-Sanchez v. Barr, 947 F.3d 1033 (7th Cir. 2020) (scolding the Board for thinking the Seventh Circuit "had issued an advisory opinion"). Both Baez-Sanchez cases held that immigration judges have the authority to grant a waiver of inadmissibility under the general provision of § 1182(d)(3).[2]

In light of these opinions, this court is unpersuaded by defendants' argument that only USCIS has the authority to grant a waiver of inadmissibility. In fact, that contention appears to be simply wrong under Seventh Circuit precedent which, once again, holds that the immigration judge had the authority to grant a waiver of plaintiff's inadmissibility under the general provision of § 1182(d)(3).

Defendants respond that L.D.G. applies only to the U visa context and accordingly does not apply to the T visa context. This argument carries little weight and misunderstands the holding of L.D.G. In L.D.G., the Seventh Circuit did not hold that the immigration judge had authority to grant a waiver of inadmissibility under the specific U visa provision. Instead, it held the opposite—that the immigration judge could grant a waiver under the general, "catch-all" provision of § 1182(d)(3), which clearly applies in both U visa and T visa contexts. Further, in Atunnise v. Mukasey, 523 F.3d 830 (7th Cir. 2008), which was repeatedly cited by L.D.G., the Seventh Circuit found that immigration judges had the authority to grant a § 1182(d)(3) waiver in the K immigration context. The Seventh Circuit has already determined that the general provision of § 1182(d)(3) applies to more than just the U visa contest.[3]

---

[2] The court is concerned that defendants, and the immigration apparatus more broadly, appear to disregard unequivocal, binding precedent by the Seventh Circuit. The Department and USCIS clearly wish that the law be otherwise, and perhaps genuinely believe that the Seventh Circuit is wrong, but they must still comply with and abide by the law of this Circuit as it currently stands.

[3] Defendants also complain that the timing of the immigration judge's waiver in this case presents a problem. But the timing in this case is nearly identical to that in L.D.G. In both L.D.G. and this case, the plaintiff first requested a waiver from USCIS, which USCIS denied under its specific provision (§ 1182(d)(14) and § 1182(d)(13), respectively),

7

The court next turns to defendants' second argument—that any challenge to USCIS's discretionary decision to deny plaintiff's inadmissibility waiver is precluded by the APA because it is a discretionary agency action. But plaintiff is not disputing USCIS's discretionary decision to deny her waiver under 8 U.S.C. § 1182(d)(13). Rather, plaintiff complains that the immigration judge granted her a valid waiver of inadmissibility, and defendants refused to appeal or honor the immigration judge's decision. Defendants' argument thus misconstrues plaintiff's allegations.

Consequently, defendants' motion to dismiss is denied.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Doc. 12) is denied. Defendants are instructed to answer the complaint on or before September 15, 2022. The parties are instructed to file a joint status report using this court's form on or before September 22, 2022.

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE:** **August 18, 2022**

---

and both plaintiffs then requested a waiver from the immigration judge under § 1182(d)(3). The Seventh Circuit saw no issue with this timing, and neither does this court.

8